IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: C.W. Mining Company, Debtor. | |
| KENNETH A. RUSHTON, Chapter 7 Trustee,<br>        Plaintiff,<br>vs.<br>STANDARD INDUSTRIES, INC., ABM, INC., FIDELITY FUNDING COMPANY, SECURITY FUNDING, INC., WORLD ENTERPRISES, UTAHAMERICAN ENERGY, INC.<br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO WITHDRAW REFERENCE TO BANKRUPTCY COURT<br><br>Case No.  2:09CV417DAK<br><br>Judge Dale A. Kimball |
| UTAHAMERICAN ENERGY, INC.,<br><br>vs.<br><br>KENNETH A. RUSHTON, STANDARD INDUSTRIES, INC., AQUILA, INC., | |
| STANDARD INDUSTRIES, INC., ABM, INC., SECURITY FINDING, INC., and WORLD ENTERPRISES,<br><br>vs.<br><br>KENNETH A. RUSHTON, UTAHAMERICAN ENERGY, INC., C.W. MINING COMPANY, HIAWATHA COAL COMPANY, AQUILA, INC., | |

This matter is before the court on Standard Industries, Inc., ABM, Inc., Fidelity Funding Company, Security Funding Inc., and World Enterprises' (collectively "Standard Defendants") Motion to Withdraw Reference to Bankruptcy Court. The court held a hearing on the motions on December 8, 2009. At the hearing, the Standard Defendants were represented by Kim Wilson, the Trustee Kenneth Rushton was represented by Michael Zundel, and Third-Party Aquila Inc. was represented by Brent Wride. The court heard argument and took the motion under advisement. After carefully considering the memoranda submitted by the parties, as well as the facts and law relevant to the matter, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Kenneth Rushton is the Chapter 7 Trustee in a bankruptcy matter in this district, *In re C.W. Mining Company*, Bankruptcy Case No. 08-20105. In the bankruptcy case, the Trustee challenged the validity of certain claimed security interests in property of the estate by filing an Adversary Proceeding, Bankruptcy Case No. 09-02047. The Standard Defendants had filed proofs of claim in the bankruptcy action regarding the property interests at issue in the Adversary Proceeding. The Trustee brought the Adversary Proceeding against the Standard Defendants and UtahAmerican Energy, Inc. ("UEI").

The Adversary Proceeding is an action (1) to avoid liens and security interests or other property interests claimed by the Standard Defendants encumbering property of the bankruptcy estate, (2) to preserve those liens and interests for the benefit of the estate pursuant to 11 U.S.C. § 551, (3) for declaratory judgment as to the post-petition effect of the Standard Defendant's security interests, (4) to collect, or for turnover of, funds owed to the bankruptcy estate by UEI,

and (5) to collect damages against the Standard Defendants for willful violation of the automatic stay.  In response to the Adversary Proceeding, UEI filed an interpleader action.

In the Adversary Proceeding, the Standard Defendants were served with the Summons and Complaint in the Adversary Proceeding on February 12, 2009.  They entered their appearances on March 6, 2009.  The Standard Defendants filed their motion in the Adversary Proceeding on April 27, 2009, which was then transferred to this court pursuant to DUCiv R 83-7.2(f).  The case was assigned to Judge Waddoups, who set the matter for hearing in October.  Judge Waddoups, however, recused shortly before the hearing, and the case was reassigned to this court.

## DISCUSSION

Pursuant to 28 U.S.C. § 157(d), the Standard Defendants move the court to withdraw this court's general order of reference to the Bankruptcy Court with respect to the Adversary Proceeding.  The Standard Defendants assert that the Adversary Proceeding is a non-core proceeding, which alleges a state common law contract claim to collect money that UEI owes to Standard.  As a result of the Trustees claim against UEI, UEI has filed a claim for interpleader and the Standard Defendants have filed compulsory counterclaims, which they assert arise under state common law.

The Standard Defendants argue that they should be entitled to litigate their counterclaims in an Article III court because they arise under state common law.  If this action remained in Bankruptcy Court, the Standard Defendants contend that the Bankruptcy Court would lack the authority to enter a final judgment and they would have a right to *de novo* review in district court.  In order to avoid what they view as the needless duplication of litigation and the waste of judicial

3

resources that would result from the *de novo* review, the Standard Defendants ask this court to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court.

The Trustee and Third-Party Aquila oppose the motion on several separate and distinct grounds. The court has reviewed each of these grounds and found them to have merit. First, the Standard Defendant's motion is premature under 28 U.S.C. § 157(b)(3) and DUCiv R 83-7.3 because those rules require the Bankruptcy Court to first rule on whether the Adversary Proceeding is a core proceeding. The Bankruptcy Court has not addressed the issue and the Standard Defendants have not requested that the court do so. Also, DUCivR 83-7.3 required the Standard Defendants to file their Motion in the Bankruptcy Court asking that court to determine that the Adversary Proceeding is non-core within twenty days of being served with or appearing in the Adversary Proceeding.

In addition, the Standard Defendant's motion appears to be untimely under DUCiv R 83-7.2, which required the Standard Defendants to file their motion within twenty days of being served with or appearing in the Adversary Proceeding. The Standard Defendants were served on February 12, 2009, appeared on March 6, 2009, and filed their Motion on April 27, 2009. Although the Standard Defendant's state that the motion was filed at the same time as their Answer, it was filed well beyond the deadline. The rule does not mention whether the deadline should be tied to the filing of an Answer. Rather, the rule speaks only to computing the time with respect to being served and making an appearance.

The Trustee also presents compelling evidence that the Adversary Proceeding is a core proceeding. The Trustee alleged in the Complaint that the action was a core proceeding. In their Answer, Counterclaim, Crossclaim, and Third Party Complaint, the Standard Defendants have

4

admitted and alleged that the Adversary is a core proceeding. UEI also admits that the action is a core proceeding in its Answer, Counterclaim, Crossclaim and Third Party Complaint. Under Rule 8(a) of the Federal Rules of Bankruptcy Procedure, a party must include a statement in the complaint, counterclaim, crossclaim, or third party complaint as to whether the proceeding is a core or non-core proceeding and whether, if non-core, the party consents to entry of final orders by the Bankruptcy Court. Fed. R. Bankr. P. 8(a). The responsive pleading must admit or deny whether the proceeding is core or non-core and state whether the party consents to entry of final orders by the bankruptcy court. *Id.* R. 7012(b). Under these rules, an allegation that the proceeding is core serves as an express consent for the bankruptcy court to treat that proceeding as core and enter a final order in that proceeding. *In re St. Mary Hospital*, 117 B.R. 125, 131 (Bankr. E.D. Pa. 1990) ("An admission that a proceeding is core accords irrevocable consent to a bankruptcy court to determine the proceeding, even if it is non-core."). Thus, all parties to the Adversary Proceeding have consented to the Bankruptcy Court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2).

  Moreover, the Standard Defendants filed proofs of claim in the bankruptcy proceeding as to the same matters at issue in the Adversary Proceeding. A proof of claim is a core proceeding. *See In re Geneva Steel, LLC*, 343 B.R. 273, 277 (Bankr. D. Utah 2006). "Once a party files a proof of claim against the bankruptcy estate, they have brought themselves within the equitable jurisdiction of the Bankruptcy Court." *Id.* As in *Geneva Steel*, the Trustee in this case brought an adversary proceeding against creditors of the estate who filed proofs of claim. Because the claims in the Adversary Proceeding arose out of the same facts and circumstances as the proofs of claim, the Adversary Proceeding claims were compulsory counterclaims to the proofs of claim

and were also core proceedings. "Because the Trustee's causes of action are counterclaims by the estate against persons filing claims against the estate, the Trustee's causes of action are 'core proceedings' pursuant to 28 U.S.C. § 157(b)(2)(C)." *Geneva Steel*, 343 B.R. at 278. In this case, the Adversary Proceeding is a compulsory counterclaim to the Standard Defendants' proofs of claim. The counterclaim is thus a core proceeding.

With respect to the nature of the claims and counterclaims between the Trustee and the Standard Defendants and UEI, they appear to constitute core proceedings within the meaning of 28 U.S.C. § 157(b)(2). The Trustee also contends that the Standard Defendants mischaracterize the claims he asserts in the Adversary Proceeding. The first claim for relief seeks a determination that Standard has only an unperfected security interest in the Debtor's agreement with UEI. The claim is a core proceeding because is seeks "determination of the validity, extent or priority of liens" within the meaning of 28 U.S.C. § 157(b)(2)(K). The second claim for relief seeks to avoid preferential transfers and is a core proceeding under subsection (b)(2)(F). The third through fifth claims for relief seek to avoid Standard's security interest and lien interests in property of the estate, similar to the first claim for relief. The sixth claim for relief seeks to avoid fraudulent conveyances and is a core proceeding under subsection (b)(2)(H). The seventh claim for relief seeks to preserve for the benefit of the estate, under 11 U.S.C. § 551, the transfers avoided under the preceding claims for relief. Thus it is also a core proceeding. The eighth claim for relief seeks to collect amounts UEI owes to the estate and in effect seeks a turnover of those amounts within the meaning of subsection (b)(2)(E). The ninth claim for relief contends that Standard and others violated the automatic stay, which is a core proceeding under subsection (b)(2)(A). Also, under subsection (b)(2)(C), "counterclaims by the estate against persons filing

claims against the estate" are core proceedings.

The Standard Defendants, therefore, appear to base their motion on a misunderstanding of the nature of the Trustee's claims. The court concludes that the Standard Defendants have failed to show cause for withdrawing the bankruptcy reference with respect to the Adversary Proceeding.

## CONCLUSION

Based on the above reasoning, the Standard Defendant's Motion to Withdraw Reference to Bankruptcy Court is DENIED. The Clerk of Court is directed to close the case in the district court.

DATED this 11th day of December, 2009.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge